Defendant-appellant Mumin Israfil appeals from the denial of his petition for post-conviction relief, without a hearing. Israfil contends that the trial court erred by denying his petition without a hearing. We conclude that the trial court correctly denied his petition, without a hearing. Therefore, the judgment of the trial court is Affirmed.
 I
In 1993, Israfil was indicted for Murder, with a firearm specification. He was convicted as charged, and sentenced accordingly.
In his original, direct appeal, Israfil raised, among other issues, the argument that the complaint upon which his arrest warrant was issued contained false statements. We affirmed his conviction in State v. Israfil (March 10, 1995), Montgomery App. No. 14573, unreported. The Ohio Supreme Court declined review.State v. Israfil (1995), 73 Ohio St.3d 1410.
Thereafter, Israfil filed a "motion for relief from judgment pursuant to Ohio Civ. R. 60(B)(5)," which was treated by the trial court as a petition for post-conviction relief. Once again, Israfil argued, among other things, that because there were false statements in the complaint upon which the arrest warrant was issued, a fraud had been committed upon the court, justifying post-conviction relief. His petition was denied, and we affirmed in State v. Israfil (November 15, 1996), Montgomery App. No. 15572, unreported.
Subsequently, Israfil filed the petition for post-conviction relief that is the subject of this appeal. In his petition, Israfil alleges that he was denied the effective assistance of counsel when his trial lawyer failed to challenge false statements in the complaint, that he was denied the effective assistance of counsel when counsel filed a plea of not guilty by reason of insanity (which was thereafter withdrawn), and that the trial court and the prosecuting attorney perpetrated a fraud on the court to obtain his conviction. It appears, from Israfil's brief in this appeal, that the latter claim is based upon the allegedly false statement in the complaint giving rise to the arrest warrant. Significantly, this prosecution was instituted as a result of an indictment returned by a grand jury, not as a result of the complaint leading to Israfil's arrest.
The trial court denied Israfil's petition for post-conviction relief, without a hearing, and Israfil appeals.
 II
Israfil's assignments of error are as follows:
 THE LOWER COURT ERRONEOUSLY NEGLECTED APPELLANT'S POST-CONVICTION PETITION'S RAISED GENUINE ISSUE OF MATERIAL FACT BY ERRONEOUSLY APPLYING THE DOCTRINE OF RES JUDICATA AND IGNORING APPELLANT'S CLAIM FOR NOT RAISING SAID ISSUES BEFORE OR DURING DIRECT APPEAL.
THE LOWER COURT ERRONEOUSLY APPLIED THE
DOCTRINE OF RES JUDICATA TOWARD APPELLANT'S
ISSUE OF A FRAUD UPON THE COURT.
Although Israfil characterized his previous petition as a "motion for relief from judgment pursuant to Ohio Civ.R. 60(B)(5)," the trial court treated that motion as a petition for post-conviction relief, and we agreed that it was proper to do so in State v. Israfil (November 15, 1996), Montgomery App. No. 15572, unreported.
The petition for post-conviction relief resulting in this appeal was filed in September, 1996. That is after the effective date of amendments to R.C. 2953.23. As amended, Division (A) of that statute provides as follows:
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for some other relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim from relief.
 (b) Subsequent to the period prescribed in division (a)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted . . .
Because Israfil's petition, from the denial of which this appeal is taken, was a second, successive petition for relief from his conviction, which was filed after the effective date of the above-quoted statutory language, he was required, as a prerequisite for receiving a hearing on his petition, to make a showing under both subdivision (1) and subdivision (2) of Division (A) of R.C. 2953.23. In our view, he has failed to make a showing under either subdivision of the statute.
Nothing in Israfil's petition "shows by clear and convincing evidence" that, but for constitutional error at trial, no reasonable fact finder would have found him guilty as charged. Furthermore, Israfil has made no showing that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim. Indeed, his claim appears to be based upon facts that he has previously brought to the attention of this court, in his original, direct appeal, and the trial court, in his initial petition for post-conviction relief. Finally, Israfil has made no showing that his claim is based on a right recognized by the United States Supreme Court after the date of his initial petition.
Because Israfil failed to make the showings required by R.C.2953.23(A), the trial court properly denied his petition, without a hearing.
Both of Israfil's assignments of error are overruled.
 III
Both of Israfil's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Carley J. Ingram
Mumin Israfil
Hon. David Gowdown